**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-51072
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN JOSE VASQUEZ-GARCIA also known as, Cesilio Miranda

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1532-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Jose Vasquez-Garcia (Vasquez) appeals the 77-month sentence imposed by the district court following his guilty-plea conviction for being found unlawfully present in the United States subsequent to having been removed. *See* 8 U.S.C. § 1326. He argues that the within-guidelines sentence imposed by the district court is unreasonable because the sentence is greater than necessary to fulfill the sentencing purposes of 18 U.S.C. § 3553(a). Relying on *Kimbrough*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. United States*, 128 S. Ct. 558 (2007), he argues that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is flawed because it is not empirically based.

Regardless of whether a "particular Guideline is . . . empirically-based," this court "presume[s] a sentence within the current version of the Guidelines to be reasonable, and the defendant must rebut that presumption to demonstrate substantive unreasonableness." *United States v. Mondragon-Santiago*, __ F.3d __ , No. 07-41099, 2009 WL 782894, at *3, *9 (5th Cir. Mar. 26, 2009). The district court imposed the 77-month sentence after commenting on Vasquez's continued disregard for the law after his last illegal reentry conviction. Given the district court's commentary, it cannot be said that the court failed to consider the factors of Section 3553(a). Vasquez has not rebutted the presumption that his sentence is reasonable. *See Mondragon-Santiago*, 2009 WL 782894 at *9.

AFFIRMED.